JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

STARBUY FOOD MARKET, LLC, ZHI LIU, YIMEI ZHAO, AND XIN YONG LIU

**(b)** County of Residence of First Listed Plaintiff __DELAWARE__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

VINCENT R. COCCO
TIMONEY KNOX, LLP

## DEFENDANTS

BOROUGH OF FOLCROFT, BRAIN RAZZI, ANDREW HAYMAN, AND RANDALL WOODS

County of Residence of First Listed Defendant __DELAWARE__
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander — Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability — Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine — ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability — ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury — ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice — ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights — **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting — ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment — ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations — ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment — ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other — **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education — ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C SECTIONS 1982, 1983, 1985, 1988
Brief description of cause:
CIVIL RIGHTS VIOLATION, SELECTIVE ENFORCEMENT, AND DISCRIMINATION

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*   JUDGE _____   DOCKET NUMBER _____

DATE
07/16/2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Vincent R. Cocco

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

10/2024

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: __Borough of Folcroft, PA__

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?          Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☐ is not related to any pending or previously terminated action in this court.

---

### Civil Litigation Categories

*A.  Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief *see certification below*
- ☐ 16. All Other Federal Question Cases. *(Please specify):*_____

*B.  Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ does not have implications beyond the parties before the court and ☐ does / ☒ does not seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STARBUY FOOD MARKET, LLC** | : | |
| 2030 Delmar Drive, | : | **CIVIL ACTION** |
| Folcroft, PA 19032 | : | |
| | : | No. |
| **ZHI LIU** | : | |
| 604 11th Avenue | : | |
| Prospect Park, PA 19076 | : | |
| | : | |
| **YIMEI ZHAO** | : | |
| 7114 Algon Avenue, | : | |
| Philadelphia PA 19111 | : | |
| | : | |
| **XIN YONG LIU** | : | |
| 7114 Algon Avenue, | : | |
| Philadelphia PA 19111 | : | |
| | : | |
|         *Plaintiffs*, | : | |
|    v. | : | |
| | : | |
| **BOROUGH OF FOLCROFT** | : | |
| 799 E. Ashland Avenue, | : | |
| Folcroft, PA 19032 | : | |
| | : | |
| **BRAIN RAZZI** | : | |
| 799 E. Ashland Avenue, | : | |
| Folcroft, PA 19032 | : | |
| | : | |
| **ANDREW HAYMAN** | : | |
| 799 E. Ashland Avenue, | : | |
| Folcroft, PA 19032 | : | |
| | : | |
| **RANDALL WOODS** | : | |
| 799 E. Ashland Avenue, | : | |
| Folcroft, PA 19032 | : | |
| | : | |
|         *Defendants* | : | |

## CIVIL COMPLAINT

## PARTIES

1.    Plaintiff, StarBuy Food Market, LLC is a Pennsylvania Limited Liability Company with a principal place of business at 2030 Delmar Drive, Folcroft, PA 19032 ("StarBuy").

2.    StarBuy is a small, family-owned convenience and food store located on a large corner lot on Delmar Drive in Folcroft, PA

3.    Plaintiff, Zhi Liu is an adult Chinese-American immigrant with a primary residence of 604 11th Avenue, Prospect Park, PA 19076 ("Zhi").

4.    Plaintiff, Yimei Zhao is an adult Chinese-American immigrant with a primary residence of 7114 Algon Avenue, Philadelphia, PA 19111 ("Yimei").

5.    Plaintiff, Xin Yong Liu is an adult Chinese-American immigrant with a primary residence of 7114 Algon Avenue, Philadelphia, PA 19111 ("Xin Yong").

6.    Defendant, the Borough of Folcroft is a borough located in Delaware County, Pennsylvania ("the Borough").

7.    Defendant, Andrew Hayman is an adult individual with a primary address of 799 E. Ashland Avenue, Folcroft, PA 19032.

8.    At all relevant times, Andrew Hayman served as the Borough Manager of the Borough of Folcroft ("Borough Manager Hayman").

9.    At all relevant times, Borough Manager Hayman acted under color of state law on behalf of the Borough.

10.    Defendant, Brian Razzi is an adult individual with a primary address of 799 E. Ashland Avenue, Folcroft, PA 19032.

11.    At all relevant times, Brian Razzi served as a building code official for the Borough of Folcroft ("Razzi").

12.    At all relevant times, Razzi acted under color of state law on behalf of the Borough.

13.    Defendant Randall Woods is an adult individual with a primary address of 799 E. Ashland Avenue, Folcroft, PA 19032.

14.    At all relevant times Randall Woods purported to be a code enforcement officer for the Borough of Folcroft ("Woods").

15.    At all relevant times, Woods acted under color of state law on behalf of the Borough.

## JURISDICTION AND VENUE

16.    This action arises under 42 U.S.C. §§ 1982, 1983, 1985, 1988, and the Fourteenth Amendment of the United States Constitution.

17.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and under the principles of supplemental jurisdiction, 28 U.S.C. §1367.

18.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b), (c), and (d) because all material transactions and occurrences giving rise to the claims herein transpired in the said District and Defendants are subject to personal jurisdiction in this District.

## BACKGROUND AND FACTS

19.     This Complaint arises from a targeted and coordinated plan undertaken by the Borough and its agents and employees, to shut down a local small business owned and operated by Chinese-American immigrants for de minimis, and at times, false, allegations of violations of the Borough codes without Due Process of law.

20.     At every juncture the Defendants devised a plot to keep StarBuy from operating in the community, even if it meant intimidating Plaintiffs with aggressive verbal language, close bodily contact, fear of bodily contact, violating Plaintiffs Constitutional Rights, or concealing valid permits from Plaintiffs in order to force Plaintiffs to shutter their business.

21.     In 1999 Yimei and Xin Yong, immigrated to the United States from China.

22.     In 2001, Yimei and Xin Yong's son, Zhi, (collectively, "the Liu Family") immigrated to the United States from China.

23.     In 2007 Yimei and Xin Yong ("the Liu's") purchased the building located at 2030 Delmar Drive, Folcroft, PA.

24.     The building located on a corner lot at 2030 Delmar Drive, Folcroft, PA was originally a medical office that the Liu's converted into a grocery market named StarBuy Food Market ("StarBuy") with proper building, use, and occupancy permits from the Borough in 2007.

25.     The Liu's continuously operated StarBuy, without interruption, from 2007 until 2016.

26.     The Liu's continue to operate the business on occasion, but since 2016 Zhi has been a 100% owner and handles the day-to-day responsibilities of StarBuy.

27.     Zhi continuously operated StarBuy from 2016 until July 17, 2023.

28.     As of July of 2023, StarBuy was Zhi's only source of income, which he relied on completely to provide for his wife and two (2) young children.

## The Borough's Unlawful Conduct

29.     On July 17, 2023, Borough Code Official – Razzi, Building Inspector, Code Enforcement Officer - Woods, Borough Manager Hayman, a Borough Council Member, and members of the Folcroft Police Department entered StarBuy, without notice, and allegedly conducted an unannounced inspection, without a warrant.

30.     Within minutes of starting the alleged inspection, the Borough, through its building code official, Razzi, posted a large, neon yellow sign on the front of the store declaring StarBuy "UNSAFE for human occupancy or use in accordance with 34 Pa. Code § 403.84. Unsafe building, structure or equipment (Pa Uniform

Construction Code). It is unlawful for any person to use of occupy this building after 4:00pm – 17 July 2023." A true and correct copy of the July 17, 2023 posting is attached hereto as Exhibit "A."

31.    The Borough immediately, that same day, shut down StarBuy without explanation, without notice, and without opportunity to be heard, or to come into compliance if needed, prohibiting StarBuy from operating.

32.    While Borough Manager Hayman, Razzi, Woods, a Council Member, and members of the Folcroft Police Department were still at StarBuy, Zhi repeatedly requested an explanation as to why StarBuy had been shut down, the nature of the alleged violations, and his ability to cure the alleged violations.

33.    However, the Borough, its representatives, and agents refused to provide any explanation.

34.    Two (2) days later, on July 19, 2023, The Folcroft Borough Code Department ("Code Department") served Mr. Liu with a "list of issues &/or violations that were noted [on July 17, 2023]." A true and correct copy of the July 19, 2023 Letter is attached hereto as Exhibit "B."

35.    The "list of issues" contains mostly de minimis infractions ranging from "Planters are overgrown with weeds," and "Fencing and building has excessive 'Sticker residue'," to "Far exit door not identified with lighted exit sign," and "Trash covering/blocking outside fenced area." *See* Exhibit "B."

36.     In total, the Code Department listed fourteen (14) "issues &/or violations" which the Borough used to justify the shutdown StarBuy and label it unsafe for human occupancy. *See* Exhibit "B."

37.     The July 19, 2023 Letter does not include any citation to the applicable violation(s), the date and time, the amount of civil penalty (if appropriate), corrective action, or the consequence of failure to pay the civil penalty, as required by the Borough of Folcroft Code at §1-1(c), Pennsylvania Law, and Constitutional Due Process. *See* Exhibit "B."

38.     The July 19, 2023 Letter is wholly defective.

39.     In fact, the July 19, 2023 Letter does not even state the ordinance, code, law, or statute that StarBuy allegedly violated.

40.     These fourteen (14) "issues &/or violations" could be, and were, immediately remedied by the Liu Family. *See* Exhibit "B."

41.     Furthermore, the Borough failed to provide Plaintiffs with a reasonable time to correct the alleged violations pursuant to 34 Pa.C.S. § 403.82 of the Pennsylvania Uniform Construction Code. *See* Exhibit "B."

42.     Similarly, the July 19, 2023 Letter did not provide Plaintiffs the opportunity to be heard regarding the alleged violations prior to shutting down business operations.

43.    On July 17, 2023, the Borough shutdown StarBuy, without notice or hearing, in violation of Zhi's due process rights, in direct violation of the Borough Code, depriving Zhi and the Liu family of their small business which has been part of the Folcroft community since 2007.

### Zhi's Compliance with the Borough's Demands

44.    Zhi took immediate action to remedy the alleged violations, even though the Borough clearly violated his rights and failed to follow the required procedures set forth in the UCC and Folcroft Borough Code.

45.    Despite Zhi's efforts to reopen StarBuy – by calling and visiting the Borough offices – the Borough continued to obstruct or refuse to permit StarBuy to operate.

46.    About two (2) weeks later, on August 1, 2023, the Borough arrived at StarBuy for a second time with code enforcement officers Razzi and Woods, law enforcement officers, and Borough Manager Hayman to conduct another, unannounced inspection of the property.

47.    Beginning on July 17, 2023 and thereafter, StarBuy remained closed, unable to operate due to the Borough's unlawful and unconstitutional shutdown.

48.    When Zhi asked Borough Manager Hayman why his business had been shut down, in the presence of a law enforcement officer, Yimei, and Xin Yong,

Borough Manager Hayman responded "[t]he place is a shithole. Do you agree the place is a shithole?...This business is an embarrassment. It is unsafe to our residents."

49.    Borough Manager Hayman's tone, demeanor, and actions were hostile and intimidated and frightened the Liu Family, who feared it may escalate to a physical confrontation.

50.    Borough Manager Hayman further accused the Liu Family of operating StarBuy without a Use and Occupancy Permit since 2007.

51.    However, as of August 1, 2023, StarBuy had, in fact, been operating in the community for seventeen (17) years with a valid use and occupancy permit, without issue, even applying for and receiving permits to renovate and physically expand the storefront in 2020 and 2021.

52.    Yimei informed Borough Manager Hayman that her family has owned and operated StarBuy without issue for nearly twenty (20) years, to which Borough Manager Hayman responded, "and it looks like crap…we're upset that you're disrespecting the community this way."

53.    Borough Manager Hayman, Woods, and Razzi demanded a copy of the StarBuy Use and Occupancy permit from Plaintiffs.

54.    The Liu Family informed Borough Manager Hayman, Woods, and Razzi that their only copy of the Use and Occupancy permit was stolen in a home invasion burglary of their personal residence in Philadelphia, PA several years ago.

55.     The Liu Family questioned why the Borough did not have the valid Use and Occupancy Permit in their records but received no response from the Borough or its agents and representatives.

56.     Zhi asked when he would receive the report of the alleged violations from the code enforcement officer to which Borough Manager Hayman responded "he'll give you whatever he's going to give you when he's going to give it to you, but you guys are being shut down, and Randall [Woods], a $1,000 fine. Every single time they open this door $1,000 fine."

57.     At this time StarBuy had already been shut down by the Borough for fifteen (15) days, with no ability to cure the alleged violations and reopen for business.

58.     On August 1, 2023, Randall Woods, at the direction of Borough Manager Andrew Hayman and on behalf of the Borough, issued a $1,000 citation to StarBuy for operating without a Use and Occupancy Permit.

59.     The citation does not cite to any specific statute, ordinance, or code, but merely states "Operating w/out U&O, $1,000. Comments: Operations shut down." ("the Citation")).

60.     The Citation further states, "failure to pay this ticket and fix condition within 48 hours will result in prosecution."

61.     The Citation is legally and constitutionally defective.

62.     On August 1, 2023 Borough Manager Hayman threatened that any attempt to operate StarBuy will result in a $1,000 fine each day.

63.     As of August 1, 2023, at the time Razzi issued the Citation, neither Borough Manager Hayman, nor any other code enforcement officer or Borough employee provided Zhi with any reason as to why his business had been shut down, after it had been operating continuously for over 17 years in the community.

64.     Likewise, no information was provided to any Plaintiff to allow them to cure any such violation, if a violation actually existed.

**The Borough's Violations of Pennsylvania Law and Local Ordinances**

65.     Later that same day, on August 1, 2023, Razzi issued a "U and O Inspection report" ("U and O Inspection Report"). A true and correct copy of the U and O Inspection Report is attached hereto as Exhibit "C."

66.     Noticeably, the U & O Inspection Report does not cite a single statute, regulation, ordinance, or code to substantiate the alleged violations, nor does it provide StarBuy the opportunity to correct the alleged violations before issuing the Citation. *See* Exhibit "C."

67.     Similarly, the U and O Inspection Report states, "As requested by the Borough, the undersigned [Brian Razzi] conducted a use and occupancy inspection today." *See* Exhibit "C."

68.     Now, over two (2) weeks after originally shutting down StarBuy, the Borough informed StarBuy that it did not have a valid Use & Occupancy permit because "the Borough has no record of a use and occupancy permit for this location. The owner was unable to produce one." *See* Exhibit "C."

69.     StarBuy did have a valid Use and Occupancy permit, and has had one since 2007, as set forth herein.

70.     A valid Use and Occupancy Permit has been in the Borough's exclusive possession since 2007.

71.     In fact, the Borough had valid Use and Occupancy Permits for the years 2007, 2018, 2019, and 2021, which were valid, and in effect as of 2023. *See* Exhibits "D," "E," and "F."

72.     The Borough never revoked any of StarBuy's Use and Occupancy Permits.

73.     As set forth in more detail below, the Borough produced several valid Use and Occupancy Permits for StarBuy pursuant to a Right to Know Request on May 2, 2025, nearly two (2) years after the Borough shut down StarBuy for "operating without a use and occupancy permit."

74.     Since May 2, 2025, the Borough through its agents, representatives, and counsel have admitted on numerous occasions that StarBuy has had, a valid Use and Occupancy Permit at all relevant times.

75.    The U and O Inspection Report states that StarBuy is eligible for a use and occupancy permit once twelve (12) enumerated violations are resolved, and the property is reinspected. *See* Exhibit "C."

76.    The violations in the U and O Inspection Report are new, separate, and distinct from the alleged violations set forth in the July 19, 2023 Letter. *See* Exhibit "B" and "D."

77.    The violations set forth in the U and O Inspection Report include "Replace all broken concrete on apron, parking area, and walkway…," "Accessory buildings that are connected to, or next to the principal building must be removed," and "properly identify all interior doors and exits." *See* Exhibit "C."

78.    The Borough did not afford StarBuy any time to remedy or cure the alleged defects or violations set forth in the U and O Inspection Report.

79.    The Borough did not afford StarBuy a meaningful time to be heard on the alleged defects or violations set forth in the U and O Inspection Report prior to forcefully shutting down all StarBuy business operations.

80.    Again, Zhi attempted to contact the Borough by going to the Borough office in person numerous times and making many phone calls regarding the continued closure and alleged code violations of his business, StarBuy.

81.    The Borough refused to provide Zhi with an explanation or documentation.

82.     Zhi immediately cured many of the enumerated alleged violations in the U and O Inspection Report.

83.     However, some of the "violations" set forth in the U and O Inspection Report were unable to be resolved, because Razzi, on behalf of the Borough, made false and inaccurate statements.

84.     For instance, Razzi, on behalf of the Borough, ordered that "[a]ccessory buildings that are connected to, or next to the principal building must be removed," even though StarBuy had lawful, valid permits for these spaces. *See* Exhibit "C."

85.     StarBuy made several additions and expansions to the property over the years, submitted designs, and received valid permits prior to and after the construction of the additions, which the Borough possessed in their records.

86.     Similarly, without a warning, notice, or time to cure, Razzi, on behalf of the Borough ordered that StarBuy must "[r]eplace all broken concrete on apron, parking area, and walkway…" *See* Exhibit "C."

87.     Of course, "broken concrete on [the] apron" would not require an immediate shutdown of StarBuy.

88.     Zhi, on behalf of StarBuy, retained several estimates to complete the replacement of the concrete apron, parking area, and walkway, which totaled approximately $50,000 to complete.

89.    The $50,000 cost to make such extensive repairs to the sidewalks and driveways is cost prohibitive.

90.    Even more, the Borough failed to provide adequate notice or warning of the alleged sidewalk, walkway, and driveway defects as required by the Folcroft Borough Code. *See* Folcroft Borough Code at § 536, Article II.

91.    It is upon information and belief that at the time of these alleged violations, nearly all of the surrounding businesses had sidewalks and driveways in the same or similar condition as StarBuy, yet all other businesses were permitted to operate without disruption.

92.    The Borough prohibited StarBuy from operating until all of the enumerated alleged violations were cured, regardless of the cost, or the Borough would issue a citation for operating without a Use and Occupancy permit – as it had done on August 1, 2023 – even though StarBuy had a lawful, valid Use and Occupancy Permit at this time.

93.    In August of 2023 Zhi contacted the PA Department of Labor ("DOL") and reported the Borough's unlawful conduct.

94.    On September 1, 2023 the DOL issued a scathing cease and desist letter directed to Woods, with a carbon copy to Folcroft Borough Mayor, Franny DiCicco, finding that Woods:

> "[A]cted as a construction code official in the posting of [StarBuy] at the delegation of Building Code Official,

> Brian Razzi and at the direction of Borough Manager
> Andrew Hayman. You are hereby ordered to cease and
> desist acting as a construction code official in the
> administration of the Uniform Construction Code as
> defined in Section 401.1 until such a time as the
> Department grants certification to you."

A true and correct copy of the September 1, 2023 Letter is attached hereto as

Exhibit "G."

95.    According to the DOL, Woods unlawfully acted as a construction code

official when he cited StarBuy with a $1,000 fine for operating a business without a

use and occupancy permit.

### Zhi and the Liu Family's Attempts to Reopen StarBuy

96.    The Borough's consistent obstruction and targeted actions against

Plaintiffs forced Zhi to retain legal counsel on behalf of StarBuy.

97.    On August 22, 2023, counsel for StarBuy secured a copy of Use and

Occupancy Permit issued to StarBuy in 2007, contacted Borough Manager Andrew

Hayman and provided him with an electronic copy. A true and correct copy of the

2007 Use and Occupancy Permit is attached hereto as Exhibit "H."

98.    The Borough still refused to allow StarBuy to immediately reopen, and

required that StarBuy undergo a "reinspection" before resuming business operations.

99.    However, the Borough, through its agents and employees, failed to

communicate with StarBuy for weeks, forcing StarBuy to remain closed without any

ability to reopen.

100.    Nearly seven (7) months later, on March 13, 2024, the Borough granted a Conditional Use and Occupancy permit ("Conditional U&O Permit"), under the condition that "[a]ll Concrete must be replaced no later than 1/1/2025." A true and correct copy of the Conditional U&O Permit is attached hereto as Exhibit "I."

101.    The Conditional U&O Permit Final Inspection Date set forth in the Conditional U&O Permit is "8/1/2023," the date that Borough Manager Hayman and others "inspected" StarBuy, issued a citation, and shutdown the business. *See* Exhibit "I."

102.    At all relevant times the Borough possessed a valid Use and Occupancy Permit for StarBuy.

103.    However, because the Liu Family knew that StarBuy had a valid Use and Occupancy permit, and the Borough unlawfully shut down their store without Due Process, they did not agree to the Conditional U&O Permit.

104.    Zhi and the Liu Family demanded that the Borough allow StarBuy to reopen without any contingencies.

105.    The Borough refused this request and continued to enforce the unlawful and unconstitutional shutdown of StarBuy.

## **The Borough Possessed a Valid Use and Occupancy Permit for StarBuy at the time the Borough Unlawfully Shut Down StarBuy**

106.   After repeated requests by Zhi to the Borough over the course of nearly two (2) years, the Borough *never* produced a Use & Occupancy Permit and continually informed him that StarBuy *never* had a valid Use & Occupancy Permit.

107.   As set forth herein, counsel for StarBuy secured a copy of Use and Occupancy Permit issued to StarBuy in 2007, contacted Borough Manager Andrew Hayman and provided him with an electronic copy on August 22, 2023. *See* Exhibit "H."

108.   Even more, on May 2, 2025, pursuant to a Right to Know Request the Borough *finally* produced several *valid* Use and Occupancy permits for StarBuy that were in effect at all relevant times. *See* Exhibits "E" and "F."

109.   Astoundingly, the Borough possessed these valid Use and Occupancy Permits for StarBuy, yet refused to produce it to Plaintiffs despite repeated demands over the course of over eighteen (18) months.

110.   Since May 2, 2025, the Borough has acknowledged in several written communications that StarBuy has had a valid Use & Occupancy permit for many years, including 2023 when Borough Manager Hayman and Razzi, on behalf of the Borough, falsely accused, cited, and fined StarBuy for operating without a valid Use & Occupancy Permit.

-18-

111.   The Borough had StarBuy's valid Use & Occupancy permit in their records, yet knowingly, intentionally or recklessly disregarded it to shut down StarBuy's business operations and harm Plaintiffs.

## Harm Sustained by Plaintiffs Due to
## Defendants' Unconstitutional Actions

112.   The Borough shutdown the Liu Family's livelihood under the guise of violations of the Uniform Construction Code (UCC), without notice of the violations or providing a reasonable amount of time to correct the alleged violations.

113.   Even more, Woods, the individual who issued the UCC citations at the behest of Borough Manager Hayman and the Borough, was not even a code enforcement officer and operated without lawful authority.

114.   The Borough cited StarBuy for minor infractions like overgrown weeds and signs posted in the storefront windows, which do not fall under the purview of the UCC just to shut down the business as quickly as possible.

115.   Similarly, the Borough falsely accused Zhi of operating StarBuy without a valid Use & Occupancy Permit, when in fact, the Borough's own records indicate that StarBuy had valid Use and Occupancy Permits at all relevant times.

116.   The Defendants engaged in pretextual, unlawful, and unconstitutional actions against Plaintiffs to ensure that Plaintiffs' business and livelihoods were significantly harmed, such that StarBuy had to shutter its doors forever.

117.   The Borough targeted Zhi and his business, stopping at nothing to ensure that he and his family were driven out of the community that they had been a part of since 2007.

118.   The Liu family has been driven out of the community by the Borough, Borough Manager Hayman, Razzi, and Woods in a planned and coordinated manner.

119.   It is upon information and belief that no other business has been treated like StarBuy and the Liu family by the Defendants.

120.   It is upon information and belief that at all relevant times, all other similarly situated businesses in the Borough have been permitted to operate without interruption, regardless of their use and occupancy records, their permits, or the condition of their property and/or sidewalk, including but not limited to a Sunoco gas station and a 7/11 convenience store on Delmar Drive.

121.   The Sunoco gas station and 7/11 convenience store are similar to StarBuy in all relevant aspects.

122.   The Borough has selectively enforced the ordinances and UCC against StarBuy, unlawfully shutting down Plaintiffs' business, depriving them of their property and ability to earn a living and support a family.

123.   Plaintiffs have sustained losses of over $20,000 in spoiled goods due to Defendants' unconstitutional and unlawful actions.

124.   For months, Plaintiffs continued to pay utility bills and keep the store in good condition, hoping that Defendants would allow Plaintiffs to reopen and resume business operations.

125.   Plaintiffs have sustained significant reputational damages due to Defendants' unconstitutional and tortious actions.

126.   Plaintiffs have not been able to operate their business since July 17, 2023, and have lost substantial income, directly impacting their livelihood.

127.   Plaintiffs have lost customers and experienced a decrease in market share due to Defendants' unconstitutional and tortious actions.

128.   Plaintiffs are essentially starting over due to Defendants' unconstitutional and unlawful actions.

**Defendants' Attempts to Remedy the Constitutional Violations**

129.   Realizing the gravity of its actions, and the significant impact that their Constitutional violations had on Plaintiffs, the Defendants proposed a plan to reopen StarBuy that included *another* inspection.

130.   On or about May 21, 2025 the Borough, through Code Enforcement Office, Razzi conducted *another* inspection of StarBuy, which had now been closed for over twenty (22) months.

131.   On June 4, 2025, fourteen (14) days after this May 21, 2025 inspection, Razzi authored a letter addressed to Plaintiffs permitting StarBuy to reopen and start

business operations only *after* Plaintiffs correct five (5) alleged code violations.[1] A true and correct copy of the June 4, 2025 Letter is attached hereto as Exhibit "J."

132.   Importantly, the June 4, 2025 Letter states "The Subject Property does not require a new Certificate of Occupancy and Use *and rather continues to operate under its 2021 Certificate of Occupancy and Use*." *See* Exhibit "J." (emphasis added).

133.   Eager to reopen his business that had been unlawfully and unconstitutionally shut down for nearly two (2) years, Zhi agreed to submit an affidavit as demanded by the Borough in the June 4, 2025 Letter prior to reopening StarBuy.

134.   However, even after being permitted to reopen, Plaintiffs are unable to resume operations and restock the store shelves due to the financial damage caused by Defendants' unconstitutional and unlawful actions.

135.   Now, StarBuy is in a condition of disrepair after being shut down for nearly two (2) years – requiring significant work to get the storefront in a condition in which it can operate and serve the community.

---

[1] It is important to note that the June 4, 2025 Letter was *only* sent via US Mail to 2030 Delmar Drive, Folcroft, PA, the business address that has been vacant due to the unlawful and unconstitutional actions of the Defendants. Therefore, the mail went unclaimed for many days after June 4, 2025. Plaintiffs did not receive the June 4, 2025 Letter until June 11, 2025 when counsel for Defendants finally sent a copy of the letter to undersigned counsel, despite the Borough' knowledge that Plaintiffs were represented by legal counsel.

## COUNT I
## VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS UNDER FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION- 42 U.S.C. § 1983
### *Against All Defendants*

136.   Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

137.   42 U.S.C. § 1983 creates right of action against persons who, under color of state law, subjects another to deprivation of any right secured by Federal Constitution—makes deprivation of such latter type of right actionable independently of state law.

138.   At all relevant times Defendants acted under color of state law.

139.   At all relevant times Defendants' actions deprived Plaintiffs of their fundamental rights under the United States Constitution.

140.   The Fourteenth Amendment of the United States Constitution protects against deprivations of life, liberty, and property without due process of law.

141.   Zhi, Yimei, and Xin Yong are Chinese immigrants, and members of a protected class under Fourteenth Amendment of the United States Constitution.

142.   Plaintiffs have a Constitutionally protected, fundamental right to the use and enjoyment of their property, regardless of their protected class.

143.   Defendants infringed on Plaintiffs' fundamental rights, including their property interest and ability to earn a living.

144.   Defendants' actions were not rationally related to a legitimate state interest, arbitrary and capricious, or were motivated by bias, bad faith, or improper motive.

145.   Here, Defendants applied the ordinances and codes differently to Plaintiffs than to other similarly situated properties and individuals.

146.   Defendant Woods posed as a code enforcement officer, allegedly inspected StarBuy on behalf of the Borough, and cited StarBuy with violations of the UCC without any authority, and without due process of law.

147.   None of the "issues and violations," U and O Inspection Report, or citations issued by, or on behalf of the Borough, are enforceable – yet, Defendants relied upon these unlawful and unconstitutional actions to harm Plaintiffs.

148.   The alleged violations of the UCC and Borough Codes at StarBuy are not actual violations, are de minimis, or are fraudulent.

149.   Defendants' outrageous, willful, and wanton conduct entitle Plaintiffs to an award of punitive damages.

150.   Plaintiffs further demand attorney's fees in accordance with to 42 U.S.C. § 1988(b).

**WHEREFORE**, Plaintiffs hereby demand judgment and an award of compensatory and punitive damages against Defendants, the Borough, Borough Manager Hayman, Razzi, and Woods, in an amount in excess of the Court's

jurisdictional and compulsory arbitration thresholds, together with interest, costs of suit, and attorney's fees pursuant to 42 U.S.C. § 1988(b), together with such other relief as the Court deems just.

## COUNT II
## VIOLATION OF EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION- 42 U.S.C. § 1983
### *Against All Defendants*

151.    Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

152.    42 U.S.C. § 1983 creates right of action against persons who, under color of state law, subjects another to deprivation of any right secured by Federal Constitution—makes deprivation of such latter type of right actionable independently of state law.

153.    At all relevant times Defendants acted under color of state law.

154.    At all relevant times Defendants' actions deprived Plaintiffs of their fundamental rights under the United States Constitution.

155.    The Fourteenth Amendment of the United States Constitution protects against deprivations of life, liberty, and property without due process of law.

156.    Zhi, Yimei, and Xin Yong are Chinese immigrants, and members of a protected class under the Equal Protection Clause of the United States Constitution.

157.   Plaintiffs have a Constitutionally protected, fundamental right to the use and enjoyment of their property, regardless of their protected class.

158.   Defendants infringed on Plaintiffs' fundamental rights, including their property interest and ability to earn a living.

159.   Defendants' actions were not rationally related to a legitimate state interest or were motivated by bias, bad faith, or improper motive.

160.   Here, Defendants applied the ordinances and codes differently to Plaintiffs than to other similarly situated properties and individuals.

161.   Defendants' outrageous, willful, and wanton conduct entitle Plaintiffs to an award of punitive damages.

162.   Plaintiffs further demand attorney's fees in accordance with to 42 U.S.C. § 1988(b).

**WHEREFORE**, Plaintiffs hereby demand judgment and an award of compensatory and punitive damages against Defendants, the Borough, Borough Manager Hayman, Razzi, and Woods in an amount in excess of the Court's jurisdictional and compulsory arbitration thresholds, together with interest, costs of suit, and attorney's fees pursuant to 42 U.S.C. § 1988(b), together with such other relief as the Court deems just.

## COUNT III
## VIOLATION OF PROCEDURAL DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION - 42 U.S.C. § 1983
### *Against All Defendants*

163.   Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

164.   42 U.S.C. § 1983 creates right of action against person who, under color of state law, subjects another to deprivation of any right secured by Federal Constitution—makes deprivation of such latter type of right actionable independently of state law.

165.   At all relevant times Defendants acted under color of state law.

166.   At all relevant times Defendants' actions deprived Plaintiffs of their fundamental rights under the United States Constitution.

167.   In the absence of extraordinary circumstances, procedural due process requires notice and an opportunity to be heard before any governmental deprivation of a property interest.

168.   To fulfill notice requirements, Constitutional Due Process requires that parties be informed in a matter reasonably calculated to apprise them of the pending action and provide an opportunity to be heard in a meaningful time and in a meaningful manner.

169.    The right to use and enjoy your property is a fundamental right protected by the United State Constitution.

170.    The right to earn a living is a fundamental right protected by the United State Constitution.

171.    Here, Defendants deprived Plaintiffs of their property rights and ability to earn a living without due process of law by:

    a.    Closing StarBuy on July 17, 2023 without notice, hearing, or the ability to cure the alleged violations set forth in the July 19, 2023 Letter;

    b.    Ensuring StarBuy remained closed on August 1, 2023 by performing a second inspection without notice, hearing, or the ability to cure the alleged violations in the August 1, 2023 Letter;

    c.    Requiring Plaintiffs to complete several cost-prohibitive remediations prior to the Borough allowing StarBuy to resume business operations;

    d.    Falsely accusing Plaintiffs of operating StarBuy without a valid Use and Occupancy Permit;

    e.    Citing StarBuy with a $1,000 fine for operating with a Use and Occupancy Permit without a hearing, notice, or information regarding the alleged violation;

172. Defendants never apprised Plaintiffs of any pending action, nor provided Plaintiffs an opportunity to be heard in a meaningful time and in a meaningful manner regarding the alleged violations on July 17, 2023.

173. Defendants never apprised Plaintiffs of the pending action, nor provided Plaintiffs an opportunity to be heard in a meaningful time and in a meaningful manner regarding the alleged violations on August 1, 2023.

174. Put simply, Defendants shut down StarBuy on July 17, 2023 without notice or justification, and continually thwarted Plaintiffs' efforts to reopen in violation of

175. Defendants violated Plaintiffs Procedural Due Process Rights under the Fourteenth Amendment of the United States Constitution.

176. Defendants' outrageous, willful, and wanton conduct entitle Plaintiffs to an award of punitive damages.

177. Plaintiffs further demand attorney's fees in accordance with to 42 U.S.C. § 1988(b).

**WHEREFORE**, Plaintiffs hereby demand judgment and an award of compensatory and punitive damages against Defendants, the Borough, Borough Manager Hayman, Razzi, and Woods, in an amount in excess of the Court's jurisdictional and compulsory arbitration thresholds, together with interest, costs of

suit, and attorney's fees pursuant to 42 U.S.C. § 1988(b), together with such other relief as the Court deems just.

### COUNT IV
### VIOLATION OF FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE – SELECTIVE ENFORCEMENT - 42 U.S.C. § 1983
### *Against All Defendants*

178.   Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

179.   42 U.S.C. § 1983 creates right of action against person who, under color of state law, subjects another to deprivation of any right secured by Federal Constitution—makes deprivation of such latter type of right actionable independently of state law.

180.   At all relevant times Defendants acted under color of state law.

181.   The Defendants selectively enforced the Borough Code against Plaintiffs, in violation of the Equal Protection Clause of the Fourteenth Amendment.

182.   It is upon information and belief that as of July of 2023, the Liu Family were the only individuals of Chinese descent that own a business on Delmar Drive in Folcroft, PA.

183.   First, on July 17, 2023, without notice or explanation, Razzi, Woods, and Borough Manager Hayman, on behalf of the Borough, permanently closed StarBuy with no ability to cure the alleged ordinance and/or code violations.

184.   Second, on July 19, 2023, Razzi, acting on behalf of the Borough, cited StarBuy with fourteen (14) "issues and/or violations." *See* Exhibit "B."

185.   The July 19, 2023 Letter does not state the ordinance, code, law, or statute that comprise the "issues and/or violations" that StarBuy allegedly violated, causing the Borough to shut down StarBuy without notice, hearing, or ability to cure the alleged violations. *See* Exhibit "B."

186.   It is upon information and belief that the Borough did not immediately shut down any other similarly situated business in the Borough in the manner that the Borough did with StarBuy.

187.   Third, on August 1, 2023, Razzi, acting on behalf of the Borough, served StarBuy with the U and O Inspection Report, following an alleged use and occupancy inspection. *See* Exhibit "C."

188.   The U and O Inspection Report sets forth an additional twelve (12) issues and/or violations that StarBuy must correct or resolve before being eligible for reopening.

189.   On August 1, 2023, Razzi, Woods, and Borough Manager Hayman, acting on behalf of the Borough, again, without notice, explanation, or ability to cure the alleged violations issued a letter requiring the twelve (12) "issues" be corrected or resolved, before StarBuy would be eligible for a reinspection. *See* Exhibit "C."

190.   Again, Defendants never state the ordinance, statute, or code that StarBuy has allegedly violated.

191.   The Borough shut down StarBuy without due process of law.

192.   As of August 1, 2023, several other businesses on Delmar Drive were in the same or substantially similar position as StarBuy as it relates to the twelve (12) "issues" set forth in the U and O Inspection Report, including but not limited to a Sunoco gas station and a 7/11 convenience store. *See* Exhibits "B" and "C."

193.   It is upon information and belief that the Borough did not treat any other business on Delmar Drive, or in the Borough generally, in the same manner as they did StarBuy, i.e. shutting down a business for de minimis and false violations without due process of law.

194.   It is upon information and belief that the Borough selectively enforced the ordinances and codes against Plaintiffs based on Plaintiffs' race.

195.   It is upon information and belief that the Borough selectively enforced the ordinances and codes against Plaintiffs based on personal animosity towards Plaintiffs.

196.   Here, Plaintiffs were selectively targeted by Defendants in a scheme with the sole intent to drive them, and their business, out of the Borough.

197.   Defendants acted with pretext and improper motive by selectively enforcing ordinances and codes against Plaintiffs, fueled by a bad faith desire to put Plaintiffs out of business.

198.   Defendants' outrageous, willful, and wanton conduct entitle Plaintiffs to an award of punitive damages.

199.   Plaintiffs further demand attorney's fees in accordance with to 42 U.S.C. § 1988(b).

**WHEREFORE**, Plaintiffs hereby demand judgment and an award of compensatory and punitive damages against Defendants, the Borough, Borough Manager Hayman, Razzi, and Woods in an amount in excess of the Court's jurisdictional and compulsory arbitration thresholds, together with interest, costs of suit, and attorney's fees pursuant to 42 U.S.C. § 1988(b), together with such other relief as the Court deems just.

## COUNT V
## VIOLATION OF 42 U.S.C. § 1982
### *Against All Defendants*

200.   Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

201.   At all relevant times Defendants acted under color of state law.

202.   42 U.S.C. § 1982 grants Plaintiffs the right to inherit, purchase, lease, sell, hold, and convey real and personal property, free from unlawful discrimination.

203.   Defendants have interfered with Plaintiffs' ability to hold, use, and enjoy StarBuy through their consistent pattern of racially motivated abuse, harassment, and unlawful discrimination directed at Plaintiffs, who are Chinese immigrants and racial minorities.

204.   Defendants' racially motivated abuse and verbal harassment were designed to interfere with Plaintiffs use and enjoyment of StarBuy and drive the Liu Family from the Borough by, including but not limited to:

    a.   Treating Plaintiffs differently than other similarly situated properties, businesses, and individuals, including but not limited to a Sunoco gas station and a 7/11 convenience store on Delmar Drive;

    b.   Intimidating, aggressively threatening, and verbally harassing Plaintiffs through Borough Manager Hayman;

    c.   The Borough's persistent efforts to shutter StarBuy's business operations without due process of law.

    d.   The Borough's intentional concealment of the valid Use and Occupancy Permits, used to permanently close StarBuy without due process of law.

205.   Defendants' outrageous, willful, and wanton conduct entitles Plaintiffs to an award of punitive damages.

206.   Plaintiffs further demand attorney's fees in accordance with to 42 U.S.C. § 1988(b).

**WHEREFORE,** Plaintiffs respectfully request judgment in their favor and against Defendants, the Borough, Borough Manager Hayman, Razzi, and Woods, for compensatory damages, reasonable attorneys' fees and costs pursuant to 42 U.S.C.S. § 1988, punitive damages, and all such other relief that this Court deems equitable and just.

**COUNT VI**
**VIOLATION OF 42 U.S.C. § 1985**
*Against All Defendants*

207.   Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

208.   42 U.S.C. § 1983 creates right of action against person who, under color of state law, subjects another to deprivation of any right secured by Federal Constitution—makes deprivation of such latter type of right actionable independently of state law.

209.   At all relevant times Defendants acted under color of state law.

210.   At all relevant times Defendants, the Borough, Borough Manager Hayman, Razzi, and Woods agreed, planned, and coordinated to engage in pretextual, unconstitutional, violations of Plaintiffs' fundamental rights without due process of law.

211.   At all relevant times Defendants, the Borough, Borough Manager Hayman, Razzi, and Woods agreed, planned, and coordinated to engage in pretextual, unconstitutional, violations of Plaintiffs' fundamental rights based on Zhi, Yimei, and Xin Yong's race, ethnicity or national origin.

212.   Defendants' planned and coordinated actions forced StarBuy to cease all business operations.

213.   To date, StarBuy remains closed due to Defendants' coordinated, unlawful, and unconstitutional action.

214.   Plaintiffs have sustained significant economic, reputational, and emotional harm as a result of Defendants' actions.

215.   Defendants' outrageous, willful, and wanton conduct entitle Plaintiffs to an award of punitive damages.

**WHEREFORE**, Plaintiffs hereby demand judgment and an award of compensatory and punitive damages against Defendants, the Borough, Borough Manager Hayman, Razzi, and Woods in an amount in excess of the Court's jurisdictional and compulsory arbitration thresholds, together with interest, costs of suit, and attorney's fees pursuant to 42 U.S.C. § 1988(b), together with such other relief as the Court deems just.

## COUNT VII
## VIOLATION OF FOURTH AMENDMENT – UNLAWFUL SEARCH AND SEIZURE - 42 U.S.C. § 1983
### *Against All Defendants*

216.   Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

217.   42 U.S.C. § 1983 creates right of action against person who, under color of state law, subjects another to deprivation of any right secured by Federal Constitution—makes deprivation of such latter type of right actionable independently of state law.

218.   At all relevant times Defendants acted under color of state law.

219.   The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."

220.   The Fourth Amendment to the United States Constitution prohibits the government from conducting unreasonable searches and provides that warrants, based on probable cause, are required before searching a home or business.

221.   The Fourth Amendment to the United States Constitution extends to private commercial property.

222.   Searches conducted outside the judicial process, without consent or prior approval by a judge or a magistrate judge, are per se unreasonable.

223. The Plaintiffs each maintain a legitimate expectation of privacy at their business, StarBuy.

224. StarBuy is a local, family-owned grocery and convenience store.

225. StarBuy is not engaged in business in a pervasively regulated business nor a closely regulated industry.

226. On July 17, 2023 Borough Manager Hayman, Razzi, Woods, and the law enforcement officers did not have permission to enter StarBuy and conduct a search of the areas available to the general public or the private areas of the store.

227. On July 17, 2023 Borough Manager Hayman, Razzi, Woods, and the law enforcement officers did not produce a warrant to enter StarBuy and conduct a search of the areas available to the general public or the private areas of the store.

228. On July 17, 2023 Borough Manager Hayman, Razzi, Woods, and the law enforcement officers were acting as state actors, on behalf of the Borough.

229. On August 1, 2023 Borough Manager Hayman, Razzi, Woods, and the law enforcement officers did not have permission to enter StarBuy and conduct a search of the areas available to the general public or the private areas of the store.

230. On August 1, 2023 Borough Manager Hayman, Razzi, Woods, and the law enforcement officers did not produce a warrant to enter StarBuy and conduct a search of the areas available to the general public or the private areas of the store.

231.   On August 1, 2023 Borough Manager Hayman, Razzi, Woods, and the law enforcement officers were acting as state actors, on behalf of the Borough.

232.   On July 17, 2023 Defendants conducted a warrantless search on StarBuy.

233.   Based on Defendants' warrantless search of StarBuy on July 17, 2023, the Borough immediately shut down StarBuy after allegedly finding violations of the Borough Code.

234.   On August 1, 2023 Defendants conducted another warrantless search on StarBuy.

235.   Based on Defendants' warrantless search of StarBuy on August 1, 2023, the Borough continued its shut down of StarBuy after allegedly finding violations of the Borough Code.

236.   Due to Defendants' warrantless searches StarBuy was shutdown, and remains shutdown.

237.   Defendants each have interfered with Plaintiffs' possessory interest in StarBuy.

238.   Defendants violated Plaintiffs' fundamental right to privacy.

239.   Plaintiffs have sustained significant economic, reputational, and emotional harm as a result of Defendants' actions.

240.   Plaintiffs further demand attorney's fees in accordance with to 42 U.S.C. § 1988(b).

**WHEREFORE**, Plaintiffs hereby demand judgment and an award of compensatory and punitive damages against Defendants, the Borough, Borough Manager Hayman, Razzi, and Woods in an amount in excess of the Court's jurisdictional and compulsory arbitration thresholds, together with interest, costs of suit, and attorney's fees pursuant to 42 U.S.C. § 1988(b), together with such other relief as the Court deems just.

<u>**COUNT VIII**</u>
<u>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>
***On Behalf of Zhi, Yimei, and Xin Yong Against the Borough of Folcroft***

241.   Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

242.   The Borough's conduct as to Zhi, Yimei, and Xin Yong is extreme and outrageous.

243.   The Borough's conduct as to Zhi, Yimei, and Xin Yong is intentional and/or reckless.

244.   Due to the Borough's extreme and outrageous actions, Zhi, Yimei, and Xin Yong have experienced severe emotional distress.

245.   Borough Manager Hayman, acting on behalf of the Borough, verbally berated, abused, and cursed at Zhi, Yimei, And Xin Yong on several occasions.

246.    Borough Manager Hayman, acting on behalf of the Borough threatened Zhi, Yimei, And Xin Yong with economic sanctions and even filed false citations against StarBuy.

247.    The Borough knowingly and intentionally violated the fundamental rights of Plaintiffs, Zhi, Yimei, and Xin Yong.

248.    The Borough had valid Use and Occupancy Permits in its possession at all relevant times, yet still unlawfully and unconstitutionally shut down StarBuy, depriving Plaintiffs, Zhi, Yimei, and Xin Yong of their property and ability to earn a living.

249.    As a direct result of the Borough's actions Zhi, Yimei, and Xin Yong have experienced severe emotional distress, which includes, but is not limited to, anxiety, stress, loss of sleep, and depression.

250.    The Borough's outrageous, willful, and wanton conduct entitle Plaintiffs to an award of punitive damages.

**WHEREFORE**, Plaintiffs hereby demand judgment and an award of compensatory and punitive damages against the Borough, in an amount in excess of the Court's jurisdictional and compulsory arbitration thresholds, together with such other relief as the Court deems just.

**TIMONEY KNOX, LLP**

By: _____

Date: <u>July 16, 2025</u>

Eric B. Smith, Esquire
Attorney I.D 81023
Vince R. Cocco, Esquire
Attorney I.D 321062
400 Maryland Dr., P.O. Box 7544
Fort Washington, PA 19034
Telephone: (215) 646-6000
esmith@timoneyknox.com
vcocco@timoneyknox.com
*Attorneys for Plaintiffs, StarBuy Food Market, LLC, Zhi Liu, Yimei Zhao, and Xin Yong Liu*